IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAPITAL INCOME AND GROWTH FUND, LLC, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-1985-L |
| TONY EUGENE FRANKLIN AND ROSE M. FRANKLIN a/k/a Rose Marie Callahan, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On March 16, 2016, the Court entered an order granting Plaintiff Capital Income and Growth Fund, LLC's ("Capital") motion for default judgment against Defendants Tony Eugene Franklin and Rose M. Franklin, and, in doing so, the Court granted Capital's request for judicial foreclosure, allowing Capital "to proceed with the foreclosure of [Defendants' real property located at 3956 Happy Canyon Circle, Dallas, Texas 75241] in accordance with the Note, Security Instrument, and the Texas Property Code applicable to judicial foreclosure." Dkt. No. 14. The same day, Court entered a separate default judgment. *See* Dkt. No. 15.

Now, some nine months later, Defendant Tony Eugene Franklin ("Franklin") has filed a motion to appoint counsel [Dkt. No. 17], which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for hearing, if necessary, and for the undersigned to submit to the Court proposed findings

and recommendations for disposition of the motion, *see* Dkt. No. 19.

For the reasons explained below, the Court should deny the motion to appoint counsel.

## Legal Standards

"There is no absolute right to an attorney in [civil] cases." *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010). That is, a *pro se* plaintiff, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Although the Court has statutory authority to appoint counsel to represent an indigent person in the prosecution of a suit, *see* 28 U.S.C. § 1915(e)(1), that authority is typically exercised only in "exceptional circumstances," *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see also Naranjo*, 809 F.3d at 799 ("even when a plaintiff has nonfrivolous ... claims, a 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances'" (quoting *Ulmer*, 691 F.2d at 212)); *Jemison v. Citimortgage, Inc.*, Civ. A. No. H-13-2475, 2013 WL 12140971, at *1 (S.D. Tex. Oct. 7, 2013) ("A court may appoint counsel in a civil case if exceptional circumstances make it necessary for the proper administration of justice." (citing *Ulmer*, 691 F.2d at 212-13)).

District courts in this circuit consider several non-comprehensive factors (sometimes referred to as *Ulmer* factors) to determine "whether exceptional circumstances warrant the appointment of counsel, including:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo*, 809 F.3d at 799 (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

"District courts may also consider the extent of a plaintiff's attempts to secure private counsel independently." *Id.* (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).

The "courts have 'considerable discretion' in deciding whether to appoint counsel. But that discretion ends once exceptional circumstances are found." *Naranjo*, 809 F.3d at 801 (quoting *Branch v. Cole*, 686 F.2d 264, 267 (5th Cir. 1982)).[1]

## Analysis

Here, the record reflects that Franklin received notice of this action at the very latest through summons that was executed on June 12, 2015. *See* Dkt. No. 9. Yet, his

---

[1] *Cf. Scoggins v. MacEachern*, Civ. A. No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); other citations omitted)); *Lyle v. United States*, Civ. A. No. JFM-09-727 & Crim. No. JFM-02-395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "[18 U.S.C.] § 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984))).

filing of the December 13, 2016 motion to appoint counsel, some 18 months later, is the first action he has taken to defend this lawsuit.

Franklin explains, through his motion, that he has consulted with attorneys multiple times since 2006, in multiple civil settings, related and unrelated to the current foreclosure, including Social Security and bankruptcy, and the motion further sets out Franklin's experiences in state criminal proceedings, which likely explains his representation that the county clerk has appointed counsel for him. *See* Dkt. No. 17. Franklin is therefore no stranger to litigation.

While the motion documents that Franklin has the "*ability* to present and investigate his case," *Naranjo*, 809 F.3d at 799 (emphasis added), none of the reasons Franklin provides for appointing counsel support a finding that the *Ulmer* factors, whether considered individually or in the aggregate, compel a conclusion that exceptional circumstances currently justify "the special benefit of having counsel appointed to represent him" in – or that exceptional circumstances necessitate that counsel be appointed for the proper administration of – *this closed foreclosure action*, *Margin v. Soc. Sec. Admin.*, Civ. A. No. 08-4605, 2009 WL 3673025, at *2 (E.D. La. Oct. 28, 2009) ("[E]very litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him."), *reconsideration denied*, 2009 WL 4019803 (E.D. La. Nov. 19, 2009); *cf. Giraldes v.*

*Ramirez-Palmer*, No. C 98-2757 (pr), 2014 WL 1365698, at *11 (N.D. Cal. Apr. 7, 2014) ("The 'interests of justice' ... are not served by appointment of counsel in a closed case.").

Said another way, this action, particularly in its current (closed) posture, is not the rare case in which a claim is not only nonfrivolous but also complex and in which those characteristics of a claim, along with the characteristics of the litigant, warrant the appointment of counsel.

## Recommendation

The Court should deny the motion for appointment of counsel [Dkt. No. 17].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 20, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE